UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

In re:

**MICHAEL R. REDDINGTON,**

Debtor.

Case No.   11-19487-JNF

Chapter 11

## ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION *and modified*

*[handwritten annotation: and modified by order dated Nov. 7, 2017]*

Pursuant to the First Amended Plan of Reorganization (the "Plan") filed by Michael R. Reddington (the "Debtor") on August 6, 2012, and after notice having been transmitted to all creditors, equity security holders, parties in interest and other persons entitled to notice in accordance with Bankruptcy Rules 2002 and 3017; and after having reviewed the Plan, the showing made by parties who attended the confirmation hearing on November 7, 2012,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.   The Plan, which is incorporated herein by reference, complies with the applicable provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 - 1330 (the "Code").

2.   The proponent of the Plan has complied with the applicable provisions of section 1129 of the Code.

3.   The Plan has been proposed in good faith and not by any means forbidden by law.

4.   Any payment made or promised by the Debtor or by any person issuing securities or acquiring property under the Plan, for services or costs and expenses in the case or in connection with the case, or in connection with the Plan and incident to this case, has been approved by, or is subject to the approval of, the Court as reasonable.

5.   As an individual the Debtor did not have to disclose the identity and affiliations of any individual proposed to serve after confirmation of the Plan, as a director, officer, or voting trustee of the reorganized Debtor, an affiliate of the Debtor participating in the Plan with the Debtor, or a successor to the Debtor under the Plan

1

and the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of compensation for such insider.

6. The Debtor has complied with and the Plan complies with Section 1129(a)(6) of the Bankruptcy Code because no governmental regulatory commission sets rates for Debtor.

7. With respect to each impaired class of claims or interest of such class, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under Chapter 7.

8. The Certificate of Vote previously filed with the Court discloses those classes that have accepted the Plan. With respect to classes in which no acceptances or rejections for such class have been voted, such class is deemed to have accepted the Plan. In re Ruti-Sweetwater, 836 F.2d 1263, 1267-1268 (10th Cir. 1988).

9. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that, with respect to a claim of a kind specified in section 507(a)(1) or 507(a)(2) of the Bankruptcy Code, on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

10. With respect to a claim of a kind specified in section 507(a)(8) of the Bankruptcy Code, the holders of such claim have agreed to or have not objected to the treatment provided by the Plan.

11. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan, has accepted the Plan, determined without including any acceptance of any of the Plan by an insider.

12. Confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization, of the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

13. All fees due and all quarterly fees payable to the United States Trustee have been paid as of the confirmation date.

14. Section 1129(a)(13) is not applicable to the Plan for the reason that the Debtor does not pay any retiree benefits, as that term is defined in section 1114 of the Code.

15. The Plan is hereby determined to be fair and equitable and does not discriminate unfairly with regard to any class of claims or interests that is impaired under, and has not accepted, the Plan.

2

16. There are no other plans that have been proposed in this case.

17. The Plan is hereby confirmed.

18. The provisions of the Plan are hereby made binding upon the Debtor and any creditor or equity security holder of the debtor whether the claim or interest of such creditor or equity security holder is impaired under the Plan and whether such creditor or equity security holder has accepted the Plan.

19. Except as otherwise provided herein or in the Plan, and effective as of the Effective Date of the Plan, in accordance with sections 1141(b) of the Code, all property of the Debtor's estate and all property dealt with by the Plan is hereby vested in the Debtor free and clear of all claims and interest of creditors and equity security holders of the Debtor.

20. As to all claims that arose against the Debtor or his assets prior to the date of this order and that are provided for by the Plan, and except as explicitly provided otherwise in the Plan, the automatic stay in 11 U.S.C. § 362 shall remain in effect until payments on the plan are completed and the Debtor requests and receives a discharge but, absent an order of extension, in no event later than the date five years from the date of this order; provided, however, that any creditor so enjoined may move for relief from this continued automatic stay upon default by the Debtor on a plan obligation to that creditor. No creditor shall be charged a fee for reopening this case in order to file and prosecute such a motion (but this order waives only the fee for a motion to reopen and not also the usual fee for filing a motion for relief from the automatic stay).

21. All trade and service debts and obligations incurred in the normal course of business by the Debtor during these proceedings or after the entry of this order shall be paid by the Debtor when due in ordinary course of business.

22. The Debtor shall have the right to make objections to any claim or interest, unless prohibited by the Plan, by filing with the Court and serving a copy of each such objection and a notice of hearing on such objection upon the holder of such claim or interest no later than sixty (60) days after the entry of this order.

23. Any claim for damages arising from the rejection of any executory contract or unexpired lease pursuant to the Plan shall be forever barred unless a proof of claim therefor in proper form is filed with the Court within thirty (30) days after the later of the date of entry of (i) an order by the Court approving the rejection of such executory contract or unexpired lease or (ii) this order.

24. All applications or requests for compensation or the reimbursement of any expenses or costs incurred by any professionals retained with Court approval in this Chapter 11 case, or fees and expenses by any party in interest must be filed with the Court, with a copy thereof served on counsel for the Debtor and the U.S. Trustee on or before thirty (30) days from the date of entry of this order.

25. On or before a date that is three (3) business days after the date of entry of this order, pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtor shall mail to all known holders of claims and interest, notice of the entry of this order and shall serve a copy of this order upon the United States Trustee and all parties entitled to notice pursuant to the Bankruptcy Code. Service of such notice and this order shall be sufficient and complete notice of all matters addressed in this order, including all bar dates set forth herein for the filing of claims, applications and requests for payment and objections, and no further notice with regard to any such matters shall be required.

26. The Debtor will be responsible for timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until its case is closed or dismissed. After confirmation, the Debtor will serve the United States Trustee with a quarterly disbursement report for each quarter (or portion thereof) so long as the case is open. The quarterly report shall be due fifteen days after the end of the calendar quarter. The quarterly financial report shall include be following:

    a. a statement of all disbursements made during the course of the quarter, by month, whether or not pursuant to the plan;

    b. a summary, by class, of amounts distributed or property transferred to each recipient under the plan, and an explanation of the failure to make any distributions or transfers of property under the plan, if any;

    c. a description of any other factors which may materially affect the Debtor's ability to complete its obligations under the plan; and

    d. an estimated date when an application for final decree will be filed with the court (in the case of the final quarterly report, the date the decree was filed).

27. Upon completion of plan payments, the Debtor may apply for a discharge under 11 U.S.C. § 1141(d)(5). The confirmation of the Debtor's Plan does not discharge the Debtor of any debt provided for in the Plan until the Court grants a discharge upon completion of all payments under the Plan.

28. William McGowan William McGowan of McTaxes, Inc., 80 Copeland Street, Quincy, MA 02169 is hereby appointed Disbursing Agent. The Disbursing Agent may designate an alternate Disbursing Agent; provided, however, that notice of the appointment of an alternate Disbursing Agent shall be provided to the United States Trustee and the Debtor at least fourteen (14) days prior to such appointment. Said notice shall be accompanied by a letter from the alternate Disbursing Agent certifying that he, she or it agrees to assume the duties as alternate Disbursing Agent. Thomas J. Raftery, the Debtor's counsel, may make the initial distributions under the Plan.

4

29. In order to monitor of the Debtor's compliance with payment requirements set forth in the Plan, the Disbursing Agent will, in the event the Debtor falls more than one month behind in making payments to the Disbursing Agent, notify counsel to the Debtor who will then notify the Court and the United States Trustee of such default or failure by filing a written statement of such with the Court. In the event of a default with respect to any creditor entitled to payments under the Plan that creditor may also (1) notify the Debtor's counsel of such default and (2) may file with the Court and the United States Trustee a written statement of such default.

30. The Court shall retain exclusive jurisdiction for the following purposes:

   a. To hear and determine objections to claims;

   b. To hear and determine any dispute arising under the Plan, its implementation and execution of any necessary documents thereunder, and any requests to amend, modify or correct the Plan, provided such matters are brought before the Court prior to the point of substantial consummation;

   c. To grant extension of any deadlines set forth in this order as may be appropriate;

   d. To enforce all discharge provisions under the Plan; and

   e. To consider and rule upon requests for final compensation.

31. The Debtor is hereby authorized and directed to take all such action and execute all such documents as are necessary or appropriate to implement, effectuate, and consummate the Plan. This order shall constitute such authority as may be required and may be recorded in all applicable Registries of Deeds or similar repositories of public records. No further evidence of such authority or approval other than a certified copy of this Order shall be required or necessary.

DONE and ORDERED this 7th day of November, 2012 at Boston, Massachusetts.

BY THE COURT:

*Joan N. Feeney*
Joan N. Feeney
Bankruptcy Judge

5